[Cite as *State v. Hall*, 2014-Ohio-1731.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100413**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBIN R. HALL

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-574232

**BEFORE:** Keough, J., Jones, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** April 24, 2014

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 218
Northfield, Ohio 44067

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Fallon Radigan
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant Robin R. Hall appeals from the trial court's judgment finding him guilty of having a weapon while under a disability. Finding no merit to the appeal, we affirm.

## I. Background

{¶2} In May 2013, Hall was charged in a three-count indictment. Count 1 charged him with improperly discharging a firearm at or into an occupied structure, in violation of R.C. 2923.161(A)(1), with one- and three-year firearm specifications; Count 2 charged having weapons while under a disability, in violation of R.C. 2923.13(A)(2); and Count 3 charged having weapons while under a disability, in violation of R.C. 2923.13(A)(3).

{¶3} Hall pleaded not guilty and was referred to the court psychiatric clinic for an evaluation of his competency and sanity. The parties subsequently stipulated to the report that found Hall sane and competent to stand trial. Hall then moved to suppress statements he had made to the arresting officer. After a hearing, the trial court denied the motion, and the matter proceeded to a bench trial. The court found Hall not guilty of Count 1 but guilty of Counts 2 and 3, which the parties agreed were allied offenses. The state elected to proceed to sentencing on Count 2, and the trial court sentenced Hall to 18 months incarceration. This appeal followed.

## II. Analysis

**{¶4}** In his sole assignment of error, Hall contends that the trial court erred in denying his motion to suppress.

**{¶5}** At the suppression hearing, the state called two witnesses and Hall testified on his own behalf. The arresting officer, Cleveland police officer Gregory Kwan, testified that on May 7, 2013, he and his partner were dispatched to the Redwood Apartments in Cleveland in response to a report that a male was detaining another male who had been shooting into the apartment building. When Kwan arrived on the scene, he saw a male holding Hall down; the male, who was the manager of the apartment building, told Kwan that Hall had been shooting at the apartment building the night before.

**{¶6}** Kwan handcuffed Hall and placed him in the back of the patrol car. He and the apartment manager then viewed surveillance videotape taken on May 6, 2013, and based on the videotape, Kwan decided to arrest Hall. Kwan testified that he went back to the patrol car, told Hall that he was under arrest, and advised him of his *Miranda* rights. According to Kwan, Hall stated that he understood his rights, and then asked Kwan why he was being arrested. Kwan said that after he told Hall why he was being arrested, Hall told him that "he did it" because the "drug boys" gave him a gun and told him to shoot out the lights outside the apartment because they were being videotaped. Kwan said that Hall told him that he gave the gun back to the "drug boys" when he was finished. Kwan testified that he then took Hall to jail for booking.

**{¶7}** Cleveland police detective William Gonzalez testified that on May 8, 2013, he and detective David Santiago interviewed Hall while he was in jail. Gonzalez

testified that he advised Hall of his *Miranda* rights, which Hall said he understood. Hall then told the detectives that someone he did not know gave him a gun to test fire, and he shot it off a few times in the back of the apartment building.

{¶8} Hall testified that he suffers from manic depression and schizophrenia, and takes several drugs to treat these conditions. He said that he gets confused when he does not take his medication, and that he had not taken his drugs on May 6, 2013, because he had run out of medication. Hall testified that Kwan was "violent" with him during the arrest, "slinging him around" and calling him a "crackhead" and an alcoholic. He admitted that detective Gonzalez advised him of his *Miranda* rights before questioning him on May 8, 2013, but denied that Kwan ever advised him of his *Miranda* rights, or that Kwan ever told him that "anything you say can and will be used against you in a court of law."

{¶9} Hall contends that the trial court erred in denying his motion to suppress his statements to officer Kwan because he did not knowingly, voluntarily, or intelligently waive his *Miranda* rights. Specifically, Hall contends that Kwan never told him that "anything you say can and will be used against you in a court of law." As support for his argument, Hall points out that Kwan testified that he never reads from a card when he gives *Miranda* warnings, but when he was asked to recite the *Miranda* warnings at the suppression hearing, he failed to include the warning that "anything you say can and will be used against you in a court of law." Hall contends that because he was not adequately advised, he could not knowingly waive his rights. He also contends that because of his

documented low IQ and diminished mental capacity due to lack of medication on the day of his arrest, he was unable to knowingly and intelligently waive his *Miranda* rights. Hall's argument is without merit.

{¶10} Appellate review of a suppression ruling presents a mixed question of law and fact. *State v. Ponce*, 8th Dist. Cuyahoga No. 91329, 2010-Ohio-1741, ¶ 25. Accepting the properly supported findings of the trier of fact as true, an appellate court must determine as a matter of law, without deference to the trial court's conclusion, whether the trial court erred in applying the substantive law to the facts of the case. *Id.*

{¶11} In *Miranda v. Arizona*, 384 U.S. 436, 478-479, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the Supreme Court held that a defendant who is subjected to custodial interrogation must be advised of his or her constitutional rights and make a knowing and intelligent waiver of those rights before statements obtained during the interrogation will be admissible.

{¶12} However, a suspect who volunteers information without being asked questions is not subject to a custodial interrogation and is not entitled to *Miranda* warnings. *State v. McGuire*, 80 Ohio St.3d 390, 401, 686 N.E.2d 1112 (1997). In other words, "*Miranda* does not affect the admissibility of 'volunteered statements of any kind.'" *Id.*, quoting *Miranda* at 478.

{¶13} In this case, it is apparent that Hall's statements to Kwan were not in response to questioning and were unsolicited. "'Interrogation' includes express questioning as well as 'any words or actions on the part of the police (other than those

normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.'" *State v. Strozier*, 172 Ohio App.3d 780, 2007-Ohio-4575, 876 N.E.2d 1304, ¶ 20 (2d Dist.), quoting *Rhode Island v. Innis*, 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). It is apparent that Kwan neither questioned Hall nor took any other actions that he should have known would have elicited an incriminating response. The undisputed evidence from the suppression hearing demonstrates that Hall asked Kwan why he was being arrested, Kwan told him, and in response, Hall voluntarily stated that he shot at the apartment lights because the drug dealers asked him to. Hall's incriminating statement was not the result of police interrogation, but was rather a voluntary statement that was not subject to suppression. *State v. Emrath*, 5th Dist. Richland No. 12CA110, 2013-Ohio-4231; *State v. Priest*, 8th Dist. Cuyahoga No. 89178, 2007-Ohio-5958; *State v. Lesure*, 6th Dist. Lucas No. L-02-1157, 2004-Ohio-3454; *State v. Tucker*, 1st Dist. Hamilton No. C-020821, 2003-Ohio-6056, ¶ 10-14.

{¶14} We are also unpersuaded by Hall's argument that in light of his diminished mental capacity, he could not knowingly and intelligently waive his *Miranda* rights. "Evidence of police coercion or overreaching is necessary for a finding of involuntariness, and not simply evidence of a low mental aptitude." *State v. Ely*, 77 Ohio St.3d 174, 178, 672 N.E.2d 640 (1996), *clarified on other grounds*, *State v. Wesson*, 137 Ohio St.3d 309, 2013-Ohio-4575, 999 N.E.2d 557, ¶ 47. There is no evidence of overreaching or coercion in this case. Although Hall said that Kwan was allegedly

"violent" toward him during the arrest, there was no evidence whatsoever that Hall felt compelled to talk.

{¶15} The assignment of error is therefore overruled, and the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
MELODY J. STEWART, J., CONCUR